# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINEZ MARTY KELLEY,<br><br>                              Petitioner,<br>v.<br><br>UNITED STATES ATTORNEY GENERAL,<br><br>                             Respondent. | Case No. 17cv2591 GPC (JMA)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SUA SPONTE DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION** |

      Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner has also filed a request to proceed in forma pauperis which reflects that he has no funds in his trust account at the facility in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

      However, the Court will sua sponte **DISMISS** this petition for lack of jurisdiction. Federal courts may grant habeas relief under 28 U.S.C. § 2241 only if the petitioner is in "custody" in violation of the Constitution or laws or treaties of the United States. *See* 28

U.S.C. § 2241; *Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 510 (1982); *Stewart v. Downey*, No. 13-2901 CW, 2013 WL 5423795, at *1 (N.D. Cal. Sept. 27, 2013), aff'd (Mar. 12, 2014). The term "custody" refers to individuals who, as a result of a criminal conviction, are subject to "substantial restraints not shared by the public generally." The requirement that an individual be in custody to be afforded habeas relief is jurisdictional. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998). Petitioner in this case is not in custody. *See* Petition at 1 (listing personal residential address). Plaintiff's "identification number" (2018565600003701) appears to be the case number for an asset forfeiture case, not an identification number indicating that he is in custody.[1] The fact that Plaintiff's car may be in the government's possession does not mean that Plaintiff himself is in custody. Accordingly, because Petitioner is not in "custody," the Court will dismiss his petition for writ of habeas corpus for a lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: January 12, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] To the extent that Petitioner seeks to challenge the seizure of his property, the Court directs Petitioner to forfeiture.gov.